IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


LORA L. SPENCE,                              :

        Plaintiff,                       :    Case No. 3:08cv313

  vs.                                          :    JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY,   :

        Defendant.                       :

---

DECISION AND ENTRY REJECTING REPORT AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE (DOC. #8) IN THEIR
ENTIRETY; PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC.
#9) SUSTAINED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF
AND AGAINST DEFENDANT COMMISSIONER, REVERSING
COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED
AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL
SECURITY ACT, AND REMANDING CAPTIONED CAUSE TO THE
DEFENDANT COMMISSIONER, PURSUANT TO SENTENCE FOUR OF 42
U.S.C. § 405(g), FOR FURTHER ADMINISTRATIVE PROCEEDINGS
CONSISTENT WITH THIS OPINION; TERMINATION ENTRY

---

      Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On May 18, 2009, the United States Magistrate Judge filed a Report and Recommendations (Doc. #8), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be affirmed. Based upon this Court's

thorough *de novo* review of its file, including the Administrative Transcript (filed with Defendant's Answer at Doc. #4), and a thorough review of the applicable law, this Court rejects the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. The Plaintiff's Objections to said judicial filing (Doc. #9) are sustained. Accordingly, the decision of the Defendant Commissioner, concluding that the Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, is reversed.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a

whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established… [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and

Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. The Administrative Law Judge found that the Plaintiff had, *inter alia*, a history of fibromyalgia, which he classified as a severe impairment. Tr. 19. This diagnosis had been clearly set forth by Plaintiff's treating physician, Rick Gephart, D.O., in several communications which found their way into the Record. For example, in a report transcribed February 13, 2004, Dr. Gephart indicated, *inter alia*, "the patient does not use any ambulatory aides except when she gets severe

fibromyalgia, when she then will use a cane at times. The patient has good gross and fine manipulation. Her physical exam demonstrates tender esophagus, normal heart rate and <u>tender points in 12 of the classic 18 tender points of fibromyalgia</u>." (emphasis added) There is no medical evidence of record which opines that Plaintiff does not have fibromyalgia.

2. Nonetheless, Administrative Law Judge Thomas McNichols appears to minimize not only Dr. Gephart's diagnosis of fibromyalgia, a medical condition that Plaintiff has had since the age of 20, but appears to discount his report in its entirety. With regard to fibromyalgia, he acknowledges that "[h]er fibromyalgia is chronic and associated with some tender points and generalized tenderness, but otherwise her physical functions appear to be basically intact from an objective standpoint." Indeed, the Administrative Law Judge appears to miss the fact that fibromyalgia is <u>not</u> a medical condition which is demonstrable by objective findings; rather, as the Commissioner has opined on numerous occasions, a standard means of determining the existence of fibromyalgia is the presence of certain tender trigger points, of which the Defendant has 12 in number out of the classic 18 such. Indeed, fibromyalgia is the type of medical condition that produces both good days and bad days, with no determinable pattern, something that Dr. Gephart noted in his reports, as applicable to Plaintiff. Moreover, many of the medical professionals that examined the Plaintiff noted muscle and joint soreness, symptoms of fibromyalgia.

3. It is true that no medical/mental health professional has diagnosed the Plaintiff as being completely disabled because of her fibromyalgia. Rather, that appears to be a condition which everyone acknowledges she had, but which no one ever took the time to determine whether, standing alone, or in combination with her other conditions, rendered her disabled, at least insofar as maintaining competitive employment over the expected number of hours per week is concerned.

4. A remand for further administrative proceedings, rather than one for the payment of benefits, is proper here, given that, while the Administrative Law Judge's decision of non-disability is not supported by substantial evidence, the Record as a whole does not clearly show the Plaintiff's entitlement to benefits, with contrary evidence weak or lacking. Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994).

5. On remand, the Administrative Law Judge is ordered to refer the Plaintiff to a medical professional who specializes in fibromyalgia and, in addition, to receive, by way of report and/or testimony, any medical evidence the Plaintiff wishes to produce, in order to determine whether the Plaintiff was disabled, within the eligible period, on the basis of fibromyalgia, standing alone, or in combination with other conditions. This Court realizes that post-insured status evidence of Plaintiff's condition might have borderline relevance. However, when coupled with the evidence of record, prior to the expiration of her insured status, such post-insured status evidence may well establish that her impairment of fibromyalgia

existed continuously and in the same degree from the date the insured status expired, June 30, 2005.

WHEREFORE, based upon the aforesaid, this Court rejects the Report and Recommendations of the United States Magistrate Judge (Doc. #8) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. Plaintiff's Objections to said judicial filing (Doc. #9) are sustained. Judgment will be ordered entered in favor of the Plaintiff and against the Defendant Commissioner, reversing the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and remanding the captioned cause to the Defendant Commissioner, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further administrative procedures consistent with this opinion.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 28, 2009    /s/ Walter Herbert Rice
    WALTER HERBERT RICE, JUDGE
    UNITED STATES DISTRICT COURT

Copies to:

James Roy Wililams, Esq.
John J. Stark, Esq.
Curt P. Marceille, Esq.